UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

R & V DEVELOPMENT, LLC,                        **MEMORANDUM**
                                               **AND ORDER**
                    Plaintiff,                 05-CV-5033 (DRH)(MLO)

     -v.-

TOWN OF ISLIP and TOWN OF ISLIP
ZONING BOARD OF APPEALS,

                    Defendants.
_____

**Appearances:**

**For the Plaintiff:**
**Paul L. Dashefsky, Esq.**
317 Middle Country Road
Smithtown, New York 11787

**For the Defendants:**
**Lewis Johs Avallone Aviles, LLP**
425 Broad Hollow Road, Suite 400
Melville, New York 11747-4712
By: Jessica Klotz, Esq.

**HURLEY, District Judge:**

This suit arises out of the denial of an application for a zoning variance. Plaintiff R & V Development, LLC ("Plaintiff") asserts that the denial resulted in an unconstitutional taking of its property without just compensation and violated its rights to due process. Defendants Town of Islip and Town of Islip Zoning Board of Appeals ("ZBA") (collectively, "Defendants") move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). For the reasons that follow, Defendants' motion is granted.

## BACKGROUND

Plaintiff is a contract vendee to a contract for the purchase of a parcel of real property located at 180 Philip Street, Holbrook, New York (the "Property"). (Compl. ¶ 7.) The Property is located in the Town of Islip. (*Id.*)

Prior to Plaintiff entering into a contract to purchase the Property, three applications were filed with Defendants by "other entities that had no connection with ... Plaintiff" (*id.* ¶ 13), seeking the granting of a zoning variance approving the construction of a single-family residence on the Property (*id.*). By decisions dated April 3, 1973, January 15, 1974, and August 5, 1975, all three applications were denied. (*Id.*) Although Defendants approved the use of the Property for the construction of a single-family residence, they disapproved of the design plans for the single-family residence proposed to be constructed in each application. (*Id.*)

On October 25, 2004, Plaintiff, as a contract vendee, submitted an application to Defendants seeking the granting of a zoning variance so that he could construct a single-family residence on the Property. (*Id.* ¶ 9.) Plaintiff claims that its application is for the same single-family residential use that was approved on the three prior occasions but that its proposed design plans are "completely different and distinct from the design plans that Defendants disapproved in their prior decisions." (*Id.* ¶15.)

On November 30, 2004, Defendants mailed Plaintiff their final decision in the form of a letter which stated, inter alia, "[y]our request for a rehearing is denied." (*Id.* ¶ 10.) Plaintiff alleges that this letter referred to a "rehearing" despite the fact that this was Plaintiff's first application for a zoning variance on the Property. (*Id.* ¶ 11) Plaintiff further claims that he

2

was never afforded a hearing in connection with this application (*id.*), and that Defendant never considered the merits thereof (*id.* ¶ 10). According to Plaintiff, the fair market value of the Property absent the granting of the variance is $5,000; the fair market value of the Property with the granting of the variance is $100,000. (*Id.* ¶ 12.)

Plaintiff alleges that he "utilized, without success, the procedures provided under New York law for seeking just compensation for the Defendants' taking of the Property . . . but . . . Plaintiff was denied just compensation through that procedure." (*Id.* ¶ 19.) In their motion papers, Defendants explain that Plaintiff commenced an Article 78 proceeding in Supreme Court, Suffolk County on March 30, 2005, seeking a judgment granting mandamus requiring the ZBA to review Plaintiff's application or declaring that the ZBA effectuated a taking of the Property. (Defs.' Mem. at 2.) On July 21, 2005, this proceeding was dismissed on statute of limitations grounds. (Decl. of Jessica Klotz, dated June 2, 2006 ("Klotz Decl."), Ex. H.)

The Complaint asserts two causes of action. First, Plaintiff alleges that Defendants' conduct effectuated an unconstitutional taking of Plaintiff's property, without just compensation, in violation of the Fifth and Fourteenth Amendments of the United States Constitution. (Compl. ¶ 20.) Next, Plaintiff claims that Defendants denied it of its right to substantive due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution. (*Id.* ¶ 23.) Defendants, which have filed an Answer in this case, move to dismiss the Complaint under Rule 12(c). For the reason stated below, their motion is granted in its entirety and this case is dismissed.

**DISCUSSION**

*I.      Standard of Review*

A plaintiff's claims can be dismissed for failure to state a claim only if a court finds that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002), the Supreme Court emphasized that at the pleading stage, a plaintiff need only meet the standard set forth in Rule 8(a), which requires only a "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *See id.* at 512 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" set forth therein. *Id.* at 514 (citation and internal quotation marks omitted); *see also Amron v. Morgan Stanley Inv.*, 464 F.3d 338, 343 (2d Cir. 2006) ("'*All* complaints must be read liberally; dismissal on the pleadings never is warranted unless the plaintiff's allegations are doomed to fail under any available legal theory.") (quoting *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005)); *Leibowitz v. Cornell Univ.,* 445 F.3d 586, 591 (2d Cir. 2006) ("[A] plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests."). This is not to say, however, that a plaintiff bears no pleading burden. Rather "[a] plaintiff must allege, as the Supreme Court has held, those facts *necessary* to a finding of liability." *Id.* (citing *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346-47 (2005)).

*II.     Plaintiff's Unconstitutional Taking Claim is Dismissed*

In *United States Olympic Comm. v. Intelicense Corp., S.A.*, 737 F.2d 263 (2d Cir.

1984), the Second Circuit held that "[o]nly the owner of an interest in property at the time of the alleged taking has standing to assert that a taking has occurred." *Id.* at 268 (citing *United States v. Dow*, 357 U.S. 17 (1958) and *Lacey v. United States*, 595 F.2d 614 (Ct. Cl. 1979)). According to the Complaint, at the time of the alleged taking, Plaintiff was a "contract vendee to a contract for the purchase of [the Property]." (Compl. ¶ 7.) As such, he lacks standing to assert a takings claim. *See United States Olympic Comm.*, 737 F.2d at 268; *cf. United States v. 21.5 Acres*, No. 83 Civ. 5047, 1985 WL 107, at *2 (S.D.N.Y. Nov. 22, 1985) ("At the time of the taking, defendants Boniello and Kamhi were purchasers of land, under a sales contract. However, neither legal title nor possession had passed to them. Under such circumstances, they are not entitled to share in the condemnation award.").

In an attempt to avoid dismissal of its takings claim, Plaintiff argues that federal courts look to New York law in determining whether a party is vested with an interest in condemned property. (Pl.'s Opp'n at 6-7 (citing *21.5 Acres*, 1985 WL 107).) In *21.5 Acres*, the court cited a New York Appellate Division case for the proposition that "in the event of condemnation, *unless otherwise provided in the contract*, the sole remedy of a purchaser under contract with neither title nor possession is to recover from the vendor any amount paid on the contract prior to condemnation." 1985 WL 107 at 2 (emphasis added) (citing *County of Westchester v. P. & M. Materials Corp.*, 248 N.Y.S.2d 539, 544-45 (2d Dep't 1964)). In opposition to Defendants' motion, Plaintiff for the first time submits a copy of its agreement with the owner of the Property, which it claims demonstrates that Plaintiff has standing to pursue a takings claim.

In deciding a Rule 12(b)(6), a court is generally limited to considering the facts

5

alleged in the complaint; however, a district court may also consider documents that are attached to, incorporated by reference in, or integral to the pleading. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). Courts apply this exception where, as here, a plaintiff sues primarily on the basis of a document, such as a contract, and only attaches selected portions of that document, or fails to attach the document at all. *See International Audiotext Network, Inc. v. America Te. & Tel. Co.,* 62 F.3d 69, 72 (2d Cir. 1995). Here, the contract is clearly integral to Plaintiff's claim and the Court will therefore consider it.

The contract is entitled "Contract Of Sale Vacant Land" and lists Ruby Perrone as the seller and Plaintiff as the purchaser. (Aff. of Vernon Willis, dated June 12, 2006, Ex. A.) Paragraph 13 of the contract provides as follows:

> [I]t is understood that the buyer shall have the right to proceed at their own expense (if necessary) for a takings cla[i]m against the Town of Islip. The seller's sole financial interest in this contract is stated above.

(*Id.*)

Significantly, the contract is dated February 24, 2005. (*Id.*) Plaintiff's application to the ZBA was made on or about October 25, 2004 (Compl. ¶ 9), and was denied on November 30, 2004 (*id.* ¶ 10). Thus, contrary to Plaintiff's allegations, the contract does not support Plaintiff's claim. In fact, it contradict's Plaintiff's claim that he was a contract vendee at the time of the alleged taking as it post-dates both Plaintiff's application for the variance and Defendants' denial thereof. Accordingly, the contract fails to establish that Plaintiff has standing to bring this claim.

Plaintiff also argues that "as a contract vendee under an executory contract for the purchase of the Property, [] Plaintiff possesses an interest in the Property, under New York law,

6

so as to entitle him to apply for miscellaneous variances concerning the use of the Property."
(Pl.'s Opp'n at 7-8 (citing *Commco, Inc. v. Amelkin*, 486 N.Y.S. 305 (2d Dep't 1985).) Although *Commco* noted that a conditional vendee under an executory contract is entitled to apply for a use variance, that does not mean that a contract vendee has a constitutionally protected property interest which would permit him to pursue a takings claim. In fact, the cases discussed above dictate otherwise. *See also Scott v. Greenville County*, 716 F.2d 1409, 1418, 1421 & n.20 (4th Cir. 1983) (although plaintiff who held option to purchase property was entitled to apply for permit and thus held a protectable property interest sufficient to trigger due process guarantees, property interest was not protected by the Fifth Amendment's takings clause). Accordingly, Plaintiff's first cause of action asserting that Defendants' conduct effectuated an unconstitutional taking of Plaintiff's property is dismissed.[1]

### III.    *Plaintiff's Due Process Claim is Dismissed*

Plaintiff's second cause of action asserts that Defendants denied Plaintiff its right to substantive due process, in violation of the Fifth and Fourteenth amendments. *See Interport Pilots Agency, Inc. v. Sammis*, 14 F.3d 133, 144 (2d Cir. 1994) ("The [due process] clause has been held to have a substantive component that protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'") (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). Although both the Complaint and Plaintiff's opposition brief refer to Plaintiff's claim as one for a violation of *substantive* due

---

[1] Plaintiff's reliance on *Gavlak v. Town of Somers*, 267 F. Supp. 2d 214 (D. Conn. 2003) is similarly misplaced as the plaintiffs-lessees in that case alleged the existence of a constitutionally protectable property interest, viz. the maintenance of a preexisting nonconforming use. *Id.* at 222. Here, as discussed *infra*, Plaintiff has failed to allege that it has any constitutionally protected property interest in the Property.

7

process, most of Plaintiff's allegations speak to its claim that Plaintiff was not afforded a hearing in connection with its variance application, a procedural due process argument. (*See* Compl. ¶ 11; Pl.'s Opp'n at 12.) Either way, as discussed *infra*, the analysis is the same and Plaintiff's claim fails.

Before considering whether due process was lacking in this case, be it procedural or substantive, the Court must first consider whether Defendants deprived Plaintiff of a federally protectable property interest. *See Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989); *Harlan Assocs. v. Incorporated Vill. of Mineola*, 273 F.3d 494, 503 (2d Cir. 2001); *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999); *Walz v. Town of Smithtown*, 46 F.3d 162, 167-68 (2d Cir. 1995). It is only when such a right is established that the Court may turn to a discussion of whether there has been a deprivation of that right without due process. *See Board of Regents of State Colls. v. Roth*, 408 U.S. 564, 571-72 (1972). "In almost all cases, the existence of a federally protectable property right is an issue of law for the court." *Natale*, 170 F.3d at 263.

The touchstone of a deprivation of a property interest claim in this Circuit rests on whether the applicant had a "clear entitlement" under applicable state law to the approval sought from the government official or administrative body. *Walz*, 46 F.3d at 168. The determinative factor in analyzing a claim of entitlement is whether the issuing authority has discretion in deciding to issue the requested permit. *Natale,* 170 F.3d at 263. If the issuing authority has discretion in deciding whether to issue a permit or license, the federal courts will not sit as a "superceding body" to the local administrative agency. *Id.*; *see also Zahra v. Town of Southold,* 48 F.3d 674, 680 (2d Cir. 1995) ("The [strict entitlement] analysis focuses on the extent to which

the deciding authority may exercise *discretion* in arriving at a decision, rather than on an estimate of the probability that the authority will make a specific decision."). Thus, in order to establish a federally protectable property interest in a [variance] for which a plaintiff has applied, the plaintiff must show that, at the time the [variance] was denied, there was no uncertainty regarding his entitlement to it under applicable state or local law, and the issuing authority had no discretion to withhold it in his particular case." *Natale*, 170 F.3d at 263 n.1

Here, the ZBA adopted a rule on April 21, 1981 which provides that once a zoning application is denied, a new application cannot be accepted unless there is a "substantial change, or if granted permission by the Board after submission of [a] letter setting forth any new evidence that might indicate substantial change, or if directed by a Court of competent jurisdiction." (Klotz Decl., Ex. I.) On November 30, 2004, the ZBA issued and filed a letter denial of Plaintiff's application, which provided as follows:

> Please be advised that the Board has reviewed your letter and the decisions of April 3, 1973, January 15, 1974 and August 5, 1975. The primary issue is the undersized lot. The Board finds that there is no substantial difference in the size of the lot, which was the basis for the earlier three decisions. There is no substantial difference in these applications which would justify rehearing it a fourth time. Therefore, your request for a rehearing is denied.

(*Id.* Ex. G.)

It is well established that broad discretion is vested in local zoning boards in considering applications for variances. *See Margaritis v. Zoning Board of Appeals*, 821 N.Y.S.2d 611, 613 (2d Dep't 2006) (citations omitted). In fact, in a case involving the Town of Islip ZBA, the Second Department noted that the ZBA has the discretion to grant a rehearing on an application for a variance, and may refuse to do so in the absence of new facts or a change in

9

circumstances, "even when the second application is brought by a different applicant." *Moore v. Town of Islip Zoning Board of Appeals*, 813 N.Y.S.2d 542, 543 (2d Dep't 2006); *see also Kreisberg v. Scheyer, et al. (all constituting the Board of Zoning Appeals of the Town of Islip)*, 808 N.Y.S.2d 889, 892 (Sup. Ct. Suffolk County 2006) ("A second application for similar relief [on a variance application] presents a situation in which the Zoning Board of Appeals has some discretion as to the type of hearing, if any, that will be granted.") (citing N.Y. Town Law § 267-a(12) (McKinney 2006)).

Because the ZBA had the discretion to deny Plaintiff's application for a variance, Plaintiff has not, and cannot, allege that it had a protectable property interest in the granting thereof. Plaintiff's due process claims are therefore dismissed. *See, e.g.*, *Crowley v. Courville*, 76 F.3d 47, 52 (2d Cir. 1996) (finding plaintiff had no protected property interest in variance where zoning regulations granted zoning board with discretionary approval powers); *Gagliardi v. Village of Pawling*, 18 F.3d 188, 192-93 (2d Cir. 1994) (affirming dismissal of due process claims under Rule 12(b)(6) because landowners had no property interest in enforcement of zoning laws for adjacent property due to broad discretion of municipal officers in determining whether to grant or deny building permit, site plan and variances); *RRI Realty Corp. v. Incorporated Vill. of Southampton*, 870 F.2d 911, 918-19 (2d Cir. 1989) (finding no property interest existed in building permit since town officials had wide discretion to either grant or deny the permit); *ReSource N.E. of Long Island, Inc. v. Town of Babylon*, 80 F. Supp. 2d 52, 58 (E.D.N.Y. 2000) (dismissing due process claim under Rule 12(b)(6); low bidder on public contract did not have property interest in award of contract where statute permitted awarding authority to exercise discretion in selecting bidder); *Koncelik v. Town of East Hampton*, 781 F.

Supp. 152, 157 (E.D.N.Y. 1991) (dismissing, under Rule 12(b)(6), plaintiffs' due process claims arising out of town's denial of variance where denial was in the discretion of the zoning board of appeals).

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss the Complaint pursuant to Rule 12(c) is GRANTED. The Clerk of the Court is directed to close this case.

**SO ORDERED**

Dated: Central Islip, NY
January 3, 2007

/s_____
Denis R. Hurley,
United States District Judge